UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ESTATE OF LEIGHTON CHARLES FITZ, and CHARLES FITZ, <br><br>   Plaintiffs, <br><br> vs. <br><br> CITY OF IOWA FALLS, IOWA, IOWA; DEPARTMENT OF PUBLIC SAFETY-IOWA STATE PATROL; HARDIN COUNTY, IOWA; BRYCE KNUDSEN; JEREMY SCHAFFER; ROD STONER; and MICHAEL LITTSCHWAGER, <br><br>   Defendants. | No. 16 cv 47 EJM <br><br> ORDER |

This matter is before the court on (1) defendants' Trooper Schaffer, Trooper Haack, and the Iowa Department of Public Safety-Iowa State Patrol's (State Defendants) partially resisted Motion to Dismiss, filed April 28, 2016, and (2) defendants' Hardin County, Iowa, and Rod Stoner's (Hardin County Defendants) partially resisted Motion for Summary Judgment, filed May 13, 2016. Motion to dismiss granted in part. Motion for summary judgment granted in part. Plaintiffs may file an amended complaint.

Plaintiff is the father of Leighton Charles Fitz, who was shot and killed by members of State and Hardin County law enforcement in Iowa Falls, Iowa, on April 17, 2014. He brought this six count suit in state court in his capacity as executor of his son's estate and in his individual capacity. The Petition was removed to this court on April 5, 2016. Jurisdiction is under 28 U.S.C. §§ 1331 and 1332.

The State Defendants move to dismiss for failure to state a claim under Fed.R.Civ.Pro. 12(b)(6). For purposes of this motion to dismiss, the court will "accept as

1

true all of the factual allegations contained in the Complaint," and will draw "all reasonable inferences...in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009).

The State Defendants move to dismiss the five of six counts that apply to them, on various grounds, such as sovereign immunity, (Counts I, V, and VI), that the State itself and its officers in their official capacity cannot be sued under 42 U.S.C. §1983, Will v. Michigan Dep't. of State Police, (Counts II and III), failure to file the prerequisite tort claim under Iowa Code chapter 669 (Count V), and that wrongful death is not an independent cause of action, Shook v. Crabb, 281 N.W.2d 616 (1979) (Count VI). The State Defendants admit that the claims against Troopers Schaffer and Haack in their individual capacities for deprivation of civil rights under color of state law under 42 U.S.C. §1983 do state a claim, and remain.

Plaintiff agrees in his partial resistance that his state law claims should be dismissed, leaving only the §1983 claim against the two troopers in their individual capacities. Plaintiff admits that his state court petition, now removed, is "somewhat inarticulate" when construed as a federal complaint, and asks that he be allowed to "recast his petition for stricter compliance with federal law." Plaintiff's Brief, p.2, ftnt. 1. The court agrees; Plaintiff shall file an amended complaint in accordance with the Federal Rules of Civil Procedure and substantively under 42 U.S.C. §1983 against Troopers Schaffer and Haack in their individual capacities in accordance with this order.

Next, the Hardin County Defendants move for summary judgment, claiming that there is no material dispute but that, contrary to the Petition, defendant Deputy Sheriff Stoner was not present at the scene. The County Defendants admit that the (non-party)

2

Sheriff and three different deputy sheriffs were at the scene, although they further allege in their motion that none of those four officers fired their weapon. Plaintiff, who has changed lawyers since his state court petition was removed, does not admit or deny those allegations, but asks for reasonable time under F.R.Civ.P. 56(f) to conduct discovery.

The court finds that under F.R.Civ.P. 56(f) plaintiff should have time to conduct discovery.

It is therefore

ORDERED

Dismissed as to the Iowa Department of Public Safety-Iowa State Patrol. Dismissed as to defendants Schaffer and Haack except the claims against them in their individual capacities under §1983. Summary judgment granted as to defendant Hardin County. Granted as to defendant Stoner on all claims except in his individual capacity under §1983. By not later than Wednesday, September 7, 2016, plaintiff may conduct discovery. By not later than October 7, 2016, plaintiff may file any amended complaint.

June 10, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT