UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ESTATE OF LEIGHTON CHARLES FITZ, and CHARLES FITZ, <br><br>Plaintiffs, <br>vs. <br><br>CITY OF IOWA FALLS, IOWA, IOWA; DEPARTMENT OF PUBLIC SAFETY-IOWA STATE PATROL; HARDIN COUNTY, IOWA; BRYCE KNUDSEN; JEREMY SCHAFFER; ROD STONER; and MICHAEL LITTSCHWAGER, <br><br>Defendants. | No. 16 cv 47 EJM <br><br>ORDER |

Before the court is defendants' Trooper Schaffer, Trooper Haack, Agent Strouse and the State of Iowa's (State Defendants) resisted Motion to Dismiss in Part, filed December 16, 2016. Granted.

Plaintiff is the father of Leighton Charles Fitz, who was shot and killed by members of State and Hardin County law enforcement in Iowa Falls, Iowa, on April 17, 2014. He brought this suit in state court in his capacity as executor of his son's estate and in his individual capacity. The Petition was removed to this court on April 5, 2016. Jurisdiction is under 28 U.S.C. §§ 1331 and 1332.

The State Defendants move under Fed.R.Civ.Pro. 12(b)(1) and (6) to dismiss all claims against the State Defendants except the federal constitutional claims against Schaffer, Haack and Strouse in their individual capacities. For purposes of this motion to dismiss, the court will "accept as true all of the factual allegations contained in the Complaint," and will draw "all

1

reasonable inferences...in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009).

This court previously granted a substantively similar motion. On June 10, 2016, this court granted a motion to dismiss all but the constitutional claims against the individual State Defendants in their individual capacities, but allowed the plaintiff to amend his complaint. The amended complaint added individual State Defendant Agent Bryan Strouse, which is acceptable, but also included a negligence claim against the State of Iowa and against Strouse, Haack and Schaffer, and pleaded additional legal theories which had already been dismissed.

As stated previously in the Order resolving last motion to dismiss, the State Defendants cannot be sued under any theory except 42 U.S.C. § 1983 in their individual capacities, due to various grounds, such as sovereign immunity. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978.) The State itself and its officers in their official capacity cannot be sued under 42 U.S.C. §1983, Will v. Michigan Dep't. of State Police. The State Defendants admit that the claims against Troopers Schaffer and Haack and Agent Strouse in their individual capacities for deprivation of civil rights under color of state law under 42 U.S.C. §1983 do state a claim, and remain.

It is therefore

ORDERED

Dismissed as to the State of Iowa. Dismissed as to defendants Schaffer, Haack and Strouse except the claims against them in their individual capacities under §1983 remain.

January 18, 2017

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

2