IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

_____

| | |
|---|---|
| THE ESTATE OF LEIGHTON CHARLES FITZ, by and through CHARLES FITZ, Administrator of the Estate of Leighton Charles Fitz and CHARLES FITZ, Individually, | ) ) ) ) ) ) Case No. 1:16-cv-00047-EJM |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| BRYCE KNUDSEN, in his individual and official capacity; JOSEPH METZ, in his individual and official capacity; CITY OF IOWA FALLS, IOWA; JEREMY SCHAFFER, in his individual and official capacity; KYLE HAACK, in his individual and official capacity; BRYANT STROUSE, in his individual and official capacity; WADE HARKEN, in his individual and official capacity; and the STATE OF IOWA, | ) ) ) ) ) ) ) ) ) ) ) ) **STATE DEFENDANTS' STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) |

_____

1.  On April 17, 2014, at 1:20 p.m., Ashley Rasmussen called the Iowa Falls police. (Iowa Falls Call Log; App. 7). She reported that she and her boyfriend, Leighton Fitz, had a dispute, that she had left the house they shared at 413 College Avenue in Iowa Falls, and that he had guns. *Id.*

2.  The Iowa Falls police and the Hardin County Sheriff's deputies responded to the scene. *Id.* They requested help from the Iowa Department of Public Safety. (Schaffer Affidavit ¶ 2, App. 1; Haack Affidavit ¶ 3, App. 3). Sergeant Rick Busch ordered Troopers Kyle Haack and Jeremy Schaffer to travel to Iowa Falls to assist the Iowa Falls police. (Schaffer Affidavit ¶ 2, App. 1; Haack Affidavit ¶ 3 App. 3). Division of Narcotics Enforcement Agent Bryant

Strouse was going to Iowa Falls on another matter, but responded to 413 College Avenue in case the police needed extra assistance. (Strouse Affidavit ¶ 3, App. 5). State Troopers Jeremy Schaffer and Kyle Haack, as well as Department of Narcotics Enforcement Agent Bryant Strouse, responded and arrived at 413 College Avenue. (Schaffer Affidavit ¶ 3, App. 1; Haack Affidavit ¶ 5, App. 3; Strouse Affidavit ¶ 3, App. 5).

3. When Schaffer arrived in Iowa Falls, he was informed by the Iowa Falls police that there was a domestic dispute between Fitz and his girlfriend, that Fitz had tried to make the girlfriend shoot him, and that she had called the police. (Schaffer Affidavit ¶ 4, App. 1). Schaffer was also informed by the Iowa Falls police that Fitz had long guns and pistols in the house. *Id.* As Haack traveled to Iowa Falls, he was informed that Fitz had posted on his Facebook page in the last hour that he was going to "go out with a blaze of glory with law enforcement," and had posted pictures of him with rifles. (Haack Affidavit ¶ 4, App. 3). When Strouse arrived at the scene, he was informed by a sheriff's deputy that Fitz was barricaded in his house, had a high-powered rifle, and had made threats of suicide. (Strouse Affidavit ¶ 4, App. 5). Schaffer relayed on State radio the information that Fitz had long guns and advised officers to seek hard cover. (Schaffer Affidavit ¶ 4, App. 1).

4. Schaffer, Haack, and Strouse positioned themselves across College Avenue from the house, so they could observe it. (Schaffer Affidavit ¶ 5, App. 1; Haack Affidavit ¶ 6, App. 3; Strouse Affidavit ¶ 6, App. 5).

5. Fitz emerged from the house, wearing a dark article of clothing over his chest, covered by a green jacket. (Schaffer Affidavit ¶ 7, App. 1-2; Strouse Affidavit ¶ 7, App. 6; Haack Affidavit ¶ 6, App. 3). Fitz was agitated, yelling at the officers that they were "neo Nazis." (Schaffer Affidavit ¶ 5, App. 1). Schaffer moved closer to him and took it upon himself to be the officer communicating with Fitz. (Schaffer Affidavit ¶ 6, App. 1). Schaffer also tried

2

to ascertain whether Fitz was armed. *Id.* Fitz then pulled out a cell phone. (Schaffer Affidavit ¶ 6, App. 1; Strouse Affidavit ¶ 7, App. 6; Haack Affidavit ¶ 8, App. 3). Officers advised him to keep his hands out of his pockets. (Schaffer Affidavit ¶ 6, App. 1; Haack Affidavit ¶ 8, App. 3). Fitz stated he wanted the officers to come closer and see what was on his cell phone. (Strouse Affidavit ¶ 8, App. 6; Haack Affidavit ¶ 8, App. 3). He wanted the officers to approach him. Schaffer stated that no officers would approach until they were sure it was safe. Fitz stated that the officers present were "full of shit." (Haack Affidavit ¶ 7, App. 3). Fitz then put the cell phone back in his pocket. Again, officers advised him to keep his hands out of his pockets.

6. Schaffer then noticed that Fitz had a green paracord knife attached to his chest. (Schaffer Affidavit ¶ 7, App. 1-2). Schaffer said, we're not going to talk to you until you get rid of the knife. *Id.* Fitz said he would drop the knife, and as he did so, Schaffer noticed that the dark clothing he wore was body armor. *Id.*

7. After Schaffer noticed Fitz was wearing body armor, Fitz put his right hand in his pocket again. (Schaffer Affidavit ¶ 9, App. 2). Schaffer again advised Fitz to keep his hands out of his pockets. *Id.* Fitz stated, "if I was going to get a gun I would use my left hand." (Schaffer Affidavit ¶ 9, App. 2; Haack Affidavit ¶ 8, App. 3; Hardin County Deputy William Raum Deposition Testimony, App. 11). Schaffer then observed the left side of Fitz's body and saw that he had a silver handgun with black grips in his left pocket. *Id.* Schaffer yelled to the other responding officers that Fitz had a handgun in his pocket. *Id.* Schaffer advanced farther toward Fitz, and was only 10 or 15 feet directly in front of him. *Id.* Schaffer was covered only to the knees by a red Camaro vehicle. (Schaffer Affidavit ¶ 9, App. 2; Haack Affidavit ¶ 11, App. 4; Strouse Affidavit ¶ 8, App. 6).

8. Fitz then grabbed the gun with his left hand and began to pull it out. (Schaffer Affidavit ¶ 9, App. 2; Haack Affidavit ¶ 11, App. 4; Strouse Affidavit ¶ 9, App. 6; Photograph,

3

App. 28; Hardin County Deputy William Raum Deposition Testimony p. 22, App. 17; Hardin County Sheriff David McDaniel Deposition Testimony pp. 71-72, App. 21-22; Hardin County Deputy Travis Prochaska Deposition Testimony p. 27, App. 25). As he did so, Schaffer, Haack and Strouse believed that he was about to shoot Schaffer or one of the other officers and that their lives were in immediate danger. (Schaffer Affidavit ¶ 9, App. 2; Haack Affidavit ¶ 11, App. 4; Strouse Affidavit ¶ 9, App. 6). Schaffer, Haack and Strouse all fired their rifles. (Schaffer Affidavit ¶ 9, App. 2; Haack Affidavit ¶ 12, App. 4; Strouse Affidavit ¶ 9, App. 6).

9. Photographs of the incident show that Fitz pulled a silver handgun from his left pocket with his left hand. (Photograph of Fitz holding silver handgun, App. 28).

10. Fitz was hit and fell to the ground. When he was on the ground, the State Defendants stopped firing. Fitz died from his wounds. (Schaffer Affidavit ¶ 10, App. 2; Haack Affidavit ¶ 12, App. 4; Strouse Affidavit ¶ 9, App. 6).

        Respectfully submitted,

        THOMAS J. MILLER
        IOWA ATTORNEY GENERAL


        */s/ Jeffrey C. Peterzalek*
        JEFFREY C. PETERZALEK
        Assistant Attorney General
        Department of Justice
        Hoover Building, 2nd Floor
        1305 E. Walnut
        Des Moines, Iowa 50319
        Ph: (515) 281-4213
        Fax: (515) 281-4209
        E-mail: Jeffrey.Peterzalek@iowa.gov

       */s/ Jordan G. Esbrook*
JORDAN G. ESBROOK
Assistant Attorney General
Department of Justice
Hoover Building, 2nd Floor
1305 E. Walnut
Des Moines, IA 50319
Ph: (515) 281-8159
Fax: (515) 281-4209
E-mail: Jordan.Esbrook@iowa.gov
ATTORNEYS FOR DEFENDANTS
JEREMY SCHAFFER, KYLE HAACK
BRYANT STROUSE and STATE OF IOWA

All parties served electronically

---

**Proof of Service**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on April 11, 2017.

☐ U.S. Mail      ☐ FAX
☐ Hand Delivery      ☐ E-mail
☐ Federal Express      ☒ Electronic Filing

Signature: */s/ V. Naset*

---